UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee ) <br> for the Registered holders of ) <br> COMM 2004-LNB4 Commercial Mortgage ) <br> Pass-Through Certificates, acting by and ) <br> through its Special Servicer, CWCapital ) <br> Asset Management LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE HOUSING FOUNDATION, et al., ) <br> ) <br> Defendants. ) | Case No. 10-CV-0548-CVE-FHM |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion for Leave to Amend and Supplement Complaint and Motion to Substitute Party Plaintiff (Dkt. # 61). Plaintiff Wells Fargo Bank, N.A. (Wells Fargo) seeks to amend and supplement its complaint, and to substitute 1302 North 89th Street Holdings, LLC (the LLC) as the plaintiff in this action. Defendants The Housing Foundation (the Foundation), Brent Mills, Spartan Aviation Industries, Inc. d/b/a Spartan College of Aeronautics and Technology (Spartan College), and John Walker, Justin Walker, and Blaine Walker (collectively, the Walkers) filed objections to plaintiff's motion to amend. Dkt. ## 66, 67.

**I.**

In its original complaint, plaintiff alleges that CWCapital Asset Management LLC (CWCAM) filed this action in its capacity as special servicer for Wells Fargo in its role as Trustee for the Registered Holders of COMM 2004-LNB4 Commercial Mortgage Pass-Through Certificates (the Trust). Dkt. # 2, at 1-2. It claims that the Trust owns an apartment building in Tulsa, Oklahoma

named Spartan Landing Apartments (the Apartments). Dkt. # 2, at 3. Plaintiff also claims that the Trust entered into a Property Management Agreement with the Foundation that set forth the terms of how the Apartments were to be managed. Id. However, plaintiff claims that the Foundation disregarded its contractual obligations and breached the terms of the Property Management Agreement, and claims that between 2008 and 2009, significant sums of money generated by the Apartments were fraudulently transferred out of the Trust's reach. Id. It further claims that, as a result, the defendants were unjustly enriched. Id. Plaintiff states claims against Mills based on his actions in various leadership capacities for the Foundation, against Spartan College for its management of the Apartments, and against the Walkers based on their ownership interests and leadership roles in Spartan College and the Apartments. Dkt. # 2, at 4-5.

Plaintiff now seeks to substitute the LLC as the plaintiff on the ground that the LLC is the owner of the Apartments and real party in interest. Dkt. # 61, at 1. Further, plaintiff seeks to add claims for declaratory judgment and specific performance with regard to an Agreement to Provide Student Housing, which it claims has been breached by actions of Spartan College after the filing of the original complaint. Id. at 2. Defendants oppose the motion on the grounds of timeliness, futility, and improper procedure.

## II.

First, plaintiff seeks leave to substitute the LLC as plaintiff pursuant to Fed. R. Civ. P. 25. It claims that while the Trust is the sole member of the LLC and the Trustee is authorized to prosecute the action, the LLC is the owner of the Apartments, and should be substituted as plaintiff. Dkt. # 61, at 1. According to a document from the State of Maryland's Department of Assessments and Taxation, the LLC was formed on August 4, 2008. Dkt. # 68-1, at 3. Plaintiff's complaint was

filed on August 25, 2010. Dkt. # 2. Plaintiff does not explain why the action was not originally brought in the LLC's name. Instead, it states only that the LLC owns the property "pursuant to a foreclosure." Dkt. # 61, at 1.

Plaintiff's amended complaint provides some insight into the events leading up to this case. It appears that, in May 2002, Spartan College entered into the Agreement to Provide Student Housing with a former titleholder, Spartan Housing Industries, LLC (SHI). Dkt. # 61-1, at 4. To refinance the costs related to construction of the Apartments, SHI took out a loan from Deutsche Bank Mortgage Capital, LLC, in the amount of $9.1 million. Id. The loan was secured by a mortgage on SHI's interest in the Apartments, and was one of several loans that were sold, securitized, and deposited into the Trust. Id. In September 2008, SHI defaulted on its loan, and the Trust, acting through CWCAM, foreclosed. Id. at 5. Title was then assigned to the LLC, of which the Trust is sole member. Id. The objection to amendment filed by the Foundation, Spartan College, and the Walkers claims that the "nonjudicial foreclosure deed relating to the Apartments was issued in the name of [the LLC]." Dkt. # 67, at 5. The LLC now owns a leasehold interest in the Apartments under a sublease from the Tulsa Airports Improvement Trust. Dkt. # 61-1, at 3.

Thus, it appears that the LLC is a party in interest regarding the Apartments. Wells Fargo[1] characterizes its motion to substitute the LLC as plaintiff as one under Fed. R. Civ. P. Rule 25. Rule 25(c) states that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Here, there is no suggestion that an interest was transferred after the filing of

---

[1] Defendant Mills's argument that the LLC cannot seek to amend the complaint because it is not yet a party, Dkt. # 66, at 5-6, is unavailing. Wells Fargo filed the motion to amend; only in its proposed amended complaint is the LLC referred to as plaintiff. Dkt. # 61, at 1.

3

this lawsuit; instead, it appears that the LLC has had the interest since September 2008. Therefore, Rule 25(c) is an improper avenue by which to substitute the LLC as plaintiff. However, where Rule 25 is inapplicable, a motion to substitute may be properly construed as one under Rules 15, 17, or 21, all of which have been read to allow substitution of plaintiffs in certain instances. See The Late Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1951 (3d ed. 2007).

Fed. R. Civ. P. 17 governs substitution where the requirement of Rule 17(a) that an action be prosecuted in the name of the real party in interest has not been met. Wells Fargo claims that it is authorized to prosecute the action, Dkt. # 61, at 1, but none of the parties has fully addressed that right. The only objection from defendants on that ground is in the answer filed by Spartan College and the Walkers, which asserts an affirmative defense that "[b]ased on information and belief, the Plaintiff may not be the real party in interest with respect to the claims which are the subject of the Complaint." Dkt. # 31, at 17. Capacity to sue or be sued is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). The relevant Oklahoma statute mirrors the Federal Rules of Civil Procedure in stating that "every action shall be prosecuted in the name of the real party in interest," and that a "trustee of an express trust" is one category of party that may "sue in [its] own name without joining with [it] the party for whose benefit the action is brought." OKLA. STAT. tit. 12, § 2017. An "express trust" is "a fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention

4

to create it."[2]  Rest. 2d Trusts § 2.  Although the parties have provided no information regarding the Trust that would allow the Court is able to answer this question conclusively, Wells Fargo is the trustee of a trust that holds the property at issue in this suit.  Therefore, it appears that Wells Fargo is likely a proper party in interest.

However, assuming that Wells Fargo was not a proper party in interest, under Rule 17(c), "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Defendants Spartan College, the Foundation, and the Walkers claim that the LLC may not now be substituted as the real party in interest because Wells Fargo should have known at the time of filing its complaint that the LLC was the entity named on the foreclosure deed, and because there was an unreasonable delay between the objection to Wells Fargo as the proper party in interest and plaintiff's motion to substitute the LLC as plaintiff.  Dkt. # 67, at 5.  The Tenth Circuit Court of Appeals has counseled that, under Rule 17, courts should focus on "whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was 'honest'), and on whether the defendant was prejudiced thereby."  Esposito v. United States, 368 F.3d 1271, 1276 (10th Cir. 2004); cf. Lunney v. United States, 319 F.3d 550, 557 (2d Cir. 2003)("A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal.").  Here, the Court does not find evidence of tactical maneuvering.  Although this action could possibly have been brought originally in the name of the LLC, Wells Fargo and the Trust are

---

[2]  In this regard, an "express trust" is distinguished from a "resulting trust" or "constructive trust."

part of the LLC's ownership structure, and the Court finds no evidence that the failure to initiate the action in the LLC's name was for any tactical advantage.

Moreover, there is nothing before the Court that shows that prejudice toward defendants would result from this substitution of the LLC for Wells Fargo. As plaintiff states, the change is merely a formal one, and "the original complaint plainly gave defendants the particulars of [the LLC's] claims."[3] Lunney, 319 F.3d at 557. Defendant Mills argues that he will be prejudiced by substitution based on his expenditure of time seeking discovery from Wells Fargo. Dkt. # 66, at 3. However, to the extent that Wells Fargo, as Trustee for the sole owner of the LLC, is in possession of documents relevant to this case, Mills has not shown why such documents could not be obtained, regardless of whether Wells Fargo or the LLC is the named plaintiff. See, e.g., Baker v. Ark. Blue Cross, No. C-08-03974, 2009 WL 904150, at * 2 (N.D. Cal. March 31, 2009)("to the extent that a party has the legal right to obtain documents from a non-party, those documents may be obtained from that party"); City of Seattle v. Professional Basketball Club, LLC, No. C07-1620MJP, 2008 WL 539809, at * 1 (W.D. Wash. Feb. 25, 2008)(interpreting Oklahoma law to require production of documents from members of a limited liability company because they were considered agents of the company under Oklahoma law). Because plaintiff's original complaint gave defendants notice of the particulars of its claims, and the change sought is merely a formal one, substitution of the LLC is permissible under Rule 17(c).

If Wells Fargo was a proper party in interest, its motion for substitution is more properly characterized as one under Rule 15 or Rule 21. Rule 15 applies to amendment of the pleadings; Rule

---

[3] Although plaintiff's proposed amended complaint does contain several new claims, they are based on the same agreements and series of events that formed the basis for the original complaint.

6

21 applies to misjoinder or nonjoinder of parties. Both have been relied upon as a mechanism for substitution of plaintiffs to varying degrees. E.g., Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 19 (2d Cir. 1997)("The history of the Rules makes clear . . . that Rule 15 was meant to be generally applicable to a proposed change of plaintiffs . . ."); Speaks Family Legacy Chapels, Inc. v. Nat'l Heritage Ents., Inc., No. 08-4148-CV-C-NKL, 2009 WL 1035289, at * 2 n.1 ("some courts have held that Federal Rule of Civil Procedure 21 rather than Rule 15 applies to motions to add parties, and that leave is always required to do so . . . ."); The Late Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1686 (3d ed. 2007)(although a "number of courts have held that Rule 21 contemplates the retention of one or more parties in the action and is not a method for substituting the sole plaintiff or defendant in the case with another party. . . . [t]here is no reason why a substitution of parties cannot be made under Rule 21, in the discretion of the court and in the interest of justice, in situations not covered by Rule 25"). The Tenth Circuit has not ruled as to its preferred mechanism for substitution of parties. However, under either approach, the substitution of a plaintiff is within the discretion of the Court.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). The purpose of Rule 15(a) is to "provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter, 451 F.3d at 1204

(quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)). Similarly, "Rule 21 allows the court to dismiss parties on such terms as are just, thus granting considerable discretion to the district court." Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365, 1371 (10th Cir. 1998)(internal quotations omitted). Whether plaintiff's motion is characterized as one under Rule 15 or 21, the Court does not find that the substitution of the LLC for Wells Fargo as plaintiff is attributable to undue delay or bad faith. Plaintiff's complaint was filed in August 25, 2010. Dkt. # 2. The motion to file the amended complaint was filed March 23, 2011. Dkt. # 61. Although all parties have at times asked for extension of deadlines, e.g., Dkt. ## 44, 49, 52, 56, none of those motions for extension has been opposed, and they have not resulted in undue delay. Moreover, the Court does not have reason to believe that the substitution of the LLC for Wells Fargo, a formal change that does not alter the particulars of the claims against defendants, will prejudice defendants. Therefore, the LLC will be substituted as plaintiff in this case.[4]

In so holding, the Court rejects defendants' argument that, because the LLC did not have the proper corporate registration under Oklahoma law at the time the motion to amend was filed, it may

---

[4] The Court does not find persuasive the arguments by defendant Mills that Wells Fargo should be required to comply with Fed. R. Civ. P. 41 to obtain dismissal. Dkt. # 66, at 6-7. As noted above, Rules 15, 17, and 21 are available to effect the substitution of a plaintiff without compliance with Rule 41. However, even if the Court accepted Mills's argument, courts should normally grant leave to dismiss under Rule 41 "absent legal prejudice." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997)(internal quotations omitted). "The parameters of what constitutes legal prejudice are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." Id. As noted, the Court does not find that the substitution of the LLC for Wells Fargo at this stage of the proceedings will prejudice defendants. Therefore, even under Rule 41, Wells Fargo's dismissal would be appropriate. The Court also rejects Mills's suggestion that he should be awarded attorney fees with regard to the original complaint filed by Wells Fargo.

not maintain an action. It is true that, pursuant to OKLA. STAT. tit. 18, § 2048, "[a] foreign limited liability company transacting business in this state may not maintain an action, suit, or proceeding in a court of this state until it has registered in this state as provided in this act." Moreover, "any foreign limited liability company which owns income-producing real or tangible personal property in this state . . . will be considered transacting business in this state." OKLA. STAT. tit. 18, § 2049. Because of the LLC's ownership of the Apartments, it falls within these statutory requirements, and the LLC may not maintain a suit in Oklahoma without the proper registration. Such restrictions apply to actions filed in federal court on the basis of diversity jurisdiction. Wilson v. Williams, 222 F.2d 692, 697 (10th Cir. 1955). As of the time of Wells Fargo's motion to substitute plaintiff, the LLC had not yet registered in the state of Oklahoma. Dkt. ## 66, at 4-5; 67, at 6. However, prior to the filing of Wells Fargo's reply, plaintiff remedied the issue by obtaining the requisite certificate of registration on April 1, 2011. Dkt. # 68-1, at 1.

Oklahoma courts have not considered whether a party may cure a failure to obtain the required § 2048 certification by obtaining said certification prior to the court's ruling on its eligibility to file suit. However, § 2048 was modeled after a similar statute pertaining to general corporations, OKLA. STAT. tit. 18, § 1137. The Oklahoma Supreme Court has interpreted § 1137 as a "matter of defense." See Barham v. Gilbert, 64 P.2d 862 (1936). Moreover, in a similar Utah statute, a district court found that because the statute stated only that a foreign corporation could not "maintain" an action "until" that foreign corporation met the requisite state requirements, it did not function to "absolutely close the courthouse door to a foreign corporation not authorized to do business in the state and thereby require dismissal." Marine Life Sciences, Inc. v. Unique Sea Farms, Ltd., No 2:09-CV-914 TS, 2010 WL 1506912, at * 1 (D. Utah April 8, 2010). In that case,

9

the plaintiff obtained the requisite registration after the filing of its complaint, and the court found that "[b]ecause there was . . . compliance even before briefing on the . . . motion [to dismiss] was completed," dismissal was not necessary. Id. at * 2. The Utah statute is distinguishable in that it included a provision explicitly providing for a stay of court proceedings pending the filing of the required application, id. at * 1, a fact that influenced the court's statutory interpretation. However, even though the Oklahoma statute lacks such a stay provision, the Court finds persuasive the Marine Life court's conclusion that a requirement for registration does not "absolutely close the courthouse door" to a plaintiff who comes into compliance prior to a ruling on its eligibility to file suit. Section 2048 says that a foreign limited liability company may not maintain an action until it has registered. Because the LLC has now registered properly, defendants' claims as to its ineligibility to file suit are moot.

### III.

Plaintiff also seeks leave to amend its complaint under Rule 15 to add a claim for declaratory relief and damages based on Spartan College's alleged breach of its obligation under the Agreement to Provide Student Housing to "provide students to live in the apartments and to assist in the collection of accounts receivable." Dkt. # 61, at 2. It claims that Spartan College has taken actions since the filing of the original complaint that put plaintiff on notice of the breach, and that its new claim for relief is "directly related to the issues raised in the initial complaint." Id. Defendant Mills argues that such amendment should not be permitted because plaintiff's claims are untrue, untimely, and futile. Dkt. # 66, at 2-4. Defendants Spartan College, the Foundation, and the Walkers also argue that amendment is improper on grounds of delay, futility, and undue prejudice. Dkt. # 67, at 6-9.

As noted, leave to amend under Rule 15(a) "shall be freely given when justice so requires." E.g., Minter, 451 F.3d at 1204. A court may deny leave to amend if the amendment would be futile. Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile if the new claims or defenses would be subject to dismissal. Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006); Bradley, 379 F.3d at 901. A court may also deny leave to amend "when the party filing the motion has no adequate explanation for the delay." Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)). When considering delay as the basis to deny a motion to amend, a court must consider the length of the delay and the reason for the delay to determine if the moving party's actions constitute "undue" delay. Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006). "Undue prejudice" to an opposing party may also justify denial of a motion to amend. Foman, 371 U.S. at 182.

Plaintiff's proposed amendments to the complaint are not futile. The amendments include additions to the factual background of the complaint to include details about the Agreement to Provide Student Housing, and the addition of a claim for declaratory judgment and specific performance. Dkt. # 61-1, at 3-9, 22. Spartan College, the Foundation, and the Walkers argue that plaintiff's amendments are futile because there are no agreements that impose any duties on Spartan College, and no evidence that plaintiff or the LLC was assigned rights under any agreement that may exist. Dkt. # 67, at 8. They also argue that plaintiff's agent was the cause of the harm alleged by plaintiff, and that its claims are therefore baseless. Id. However, while such claims may be used by Spartan College to defend against plaintiff's claims, they do not make the claims themselves futile. The same is true of Mills's arguments that plaintiff's claims are untruthful. Dkt. # 66, at 3-4.

Plaintiff's amended claims are not untimely under the relevant statute of limitations, or subject to outright dismissal on other grounds. Thus, plaintiff's amendments are not futile.

Nor does the Court find that plaintiff engaged in undue delay prior to its motion to amend. As noted, plaintiff filed its original complaint on August 25, 2010. Dkt. # 2. Plaintiff contends that the actions underlying its new breach of contract action occurred after January 1, 2011, and the motion to amend was filed March 23, 2011. Dkt. # 61. The Court had previously extended the deadline for motions for joinder of additional parties and/or amendment to the pleadings to May 12, 2011.[5] Therefore, plaintiff's motion was timely.

Finally, and as stated above, defendants will not suffer undue prejudice from this amendment. Plaintiff's proposed claims regarding the Agreement to Provide Student Housing were not part of the original complaint and do not address the same conduct that forms the basis of the complaint. Instead, the alleged breach of the Agreement to Provide Student Housing appears to have stemmed from the dispute between plaintiff and Spartan College regarding other issues alleged in the complaint. However, Spartan College was allegedly directly involved in the conflict over the Agreement to Provide Student Housing, and therefore was on notice of plaintiff's position. Moreover, although the events underlying the amendments to the complaint may have occurred after the other events at issue, they involve related questions of the parties' obligations under agreements governing their relationship. Therefore, there is reason to hear these claims along with those in the original complaint. Plaintiff filed a timely motion for amendment of its complaint, and the parties

---

[5] To the extent that defendants argue that plaintiff's amendment is untimely because the defendants did not agree to an extension of time for motions to amend the complaint, Dkt. ## 66, at 3; 67, at 7, such arguments are irrelevant in light of the fact that the Court did amend the scheduling order to extend the date by which the parties could make amendments. Dkt. # 58.

have time remaining before the discovery deadline. On those facts, the Court cannot find a showing of undue prejudice sufficient to overcome its duty to "freely grant" motions to amend.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Amend and Supplement Complaint and Motion to Substitute Party Plaintiff (Dkt. # 61) is **granted**. Plaintiff is directed to file its amended complaint forthwith.

**DATED** this 6th day of May, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT